UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANDY CARTER                                                      CIVIL ACTION

VERSUS                                                           NO. 09-3401

WARDEN AL STRAIN, ET AL.                                         SECTION "A" (1)

## REPORT AND RECOMMENDATION

Plaintiff, Andy Carter, a state prisoner, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983 alleging that he was denied adequate medical care while incarcerated at the St. Tammany Parish Jail. In his original complaint, he named as defendants Warden Al Strain and "Medical Staff Doctors & Nurses."[1] On May 1, 2009, the undersigned notified plaintiff that he had not named a proper defendant in the complaint and ordered him to file an amended complaint.[2] Plaintiff

---

[1] Rec. Doc. 1.

[2] Rec. Doc. 5. Plaintiff was notified that he had made no allegations in the complaint against Strain, and that the warden could not be held liable under § 1983 based on any theory of strict or vicarious liability. Plaintiff was further notified that the remaining defendants must be identified by name, in that a lawsuit may not be pursued against unidentified individuals.

thereafter filed an amended complaint in which he added Dr. Richard Inglese as a defendant; however, plaintiff also once again named as a defendant the "Medical Staff."[3]

Because the amended complaint failed to resolve the Court's concerns, a Spears hearing was held in this matter on June 25, 2009.[4] Based on the complaint, the amended complaint, and the testimony at that hearing, the Court finds that plaintiff is making the following allegations in this proceeding.

On December 14, 2008, while he was incarcerated as a pretrial detainee, plaintiff asked "Nurse Tiffany" for medical attention, complaining of a rash on his inner thighs, a headache, sinus drainage, bloody mucus, and pressure in his chest. He speculated that he had either a cold or the flu. The nurse stated that she would get him a cold pack. When she failed to return, plaintiff, who was in the jail's day room at the time, stated that he wanted to make an "emergency sick call." The guards refused and told plaintiff to return to lockdown. When plaintiff disobeyed that order, he was taken to the attorney conference room, where he remained for six hours. During that period, he asked to go to bathroom five times, but his requests were denied. Plaintiff was then returned to his dorm, at which time he was able to use the bathroom.

---

[3] Rec. Doc. 6. Plaintiff incorrectly named Dr. Inglese as "Dr. Inglee" in the amended complaint.

[4] See Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985). "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners." Davis v. Scott, 157 F.3d 1003, 1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement. Eason v. Holt, 73 F.3d 600, 602 (5th Cir. 1996). Spears hearing testimony becomes a part of the total filing by the *pro se* applicant. Id.

On December 16, 2008, plaintiff was taken to the jail's medical department for an unrelated blood test. During that visit, he complained of the symptoms for which he had originally sought attention from Nurse Tiffany two days earlier. Plaintiff was then examined and given treatment, including sinus pills, cough drops, and ibuprofen.

Standards of Review

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[5]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or

---

[5] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

3

>    (iii) seeks monetary damages against a defendant who is immune
>    from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (citation, footnote, and quotation marks omitted), cert. denied, 128 S. Ct. 1230 and 1231 (2008). The United States Supreme Court recently explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citations and quotation marks omitted).

Although broadly construing the complaint,[6] the Court nevertheless finds that, for the following reasons, plaintiff's claims must be dismissed as frivolous and for failing to state a claim on which relief may be granted.

### Warden Al Strain

Plaintiff does not indicate whether he is suing Warden Al Strain in his official capacity, his individual capacity, or both. Regardless, it is evident that no claim has been stated against Strain.

It is clear that plaintiff has not stated an official-capacity claim against Strain. "In a suit brought against a municipal official in his official capacity, the plaintiff must show that the municipality has a policy or custom that caused his injury." Parm v. Shumate, 513 F.3d 135, 142 (5th Cir. 2007), cert. denied, 129 S.Ct. 42 (2008). "A plaintiff may not infer a policy merely because harm resulted from some interaction with a governmental entity." Colle v. Brazos County, Texas, 981 F.2d 237, 245 (5th Cir. 1993). Rather, he must *identify* the policy or custom which allegedly caused the deprivation of his constitutional rights. See, e.g., Murray v. Town of Mansura, 76 Fed. App'x 547, 549 (5th Cir. 2003); Treece v. Louisiana, 74 Fed. App'x 315, 316 (5th Cir. 2003). Plaintiff does not allege that the purported deprivations claimed here resulted from a policy or custom, much less identify such a policy or custom.

It is likewise clear that plaintiff has not stated an individual-capacity claim against Strain. "Plaintiffs suing governmental officials in their individual capacities ... must allege specific conduct giving rise to a constitutional violation. This standard requires more than conclusional assertions:

---

[6] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

The plaintiff must allege specific facts giving rise to the constitutional claims." Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002) (citation omitted). Additionally, "[p]ersonal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983). Here, plaintiff makes *no allegations whatsoever* against Strain or any involvement by him in the events on which plaintiff's claims are based. Without such allegations, no individual-capacity claim has been stated against Strain. Although Strain is a supervisor at the jail, that fact alone is insufficient to render him liable for federal civil rights violations allegedly committed by his subordinates under any theory of strict liability[7] or vicarious liability.[8]

### Dr. Richard Inglese

Plaintiff's claim against Dr. Richard Inglese suffers from the same fatal defects. Again, plaintiff does not allege that the purported deprivations here resulted from a policy or custom as required for an official-capacity claim. Further, plaintiff stated at the Spears hearing that Inglese had no personal involvement in the events giving rise to plaintiff's claims. In fact, plaintiff testified that he had never even met Inglese. Based on the lack of personal involvement, any individual-capacity claim against Inglese necessarily fails.

---

[7] Harris v. Greer, 750 F.2d 617, 618 (7th Cir. 1984) ("[T]here is no concept of supervisor strict liability under section 1983."); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Evans v. Gusman, Civ. Action No. 08-703, 2008 WL 2223281, at *2 (E.D. La. May 23, 2008); Castillo v. Blanco, Civ. Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

[8] An official cannot be held liable pursuant to 42 U.S.C. § 1983 under any theory of vicarious liability. Thompkins v. Belt, 828 F.2d 298, 303 (5th Cir. 1987); see also Oliver v. Scott, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."); Evans, 2008 WL 2223281, at *2.

### Unidentified Defendants

As plaintiff was previously notified, he may not pursue claims against the unidentified doctors, nurses, and other members of the jail's medical staff. A § 1983 action must be filed against an actual identified person. Therefore, plaintiff's claims against the unidentified defendants should be dismissed as frivolous and for otherwise failing to state a claim upon which relief can be granted. August v. Gusman, Civ. Action No. 06-3962, 2008 WL 466202, at *7 (E.D. La. Feb. 13, 2008); Staritz v. Valdez, No. 3-06-CV-1926, 2007 WL 1498285, at *2 (N.D. Tex. May 21, 2007); Banks v. United States, Civ. Action No. 05-6853, 2007 WL 1030326, at *11 (E.D. La. Mar. 28, 2007).

### Plaintiff's Claims

Out of an abundance of caution, the Court further notes that it is unnecessary to allow plaintiff an additional opportunity to amend the complaint to add proper defendants because, for the following reasons, it is evident that his underlying claims would be subject to dismissal even if proper defendants were named.

### Medical Claim

It is clear that the constitutional rights of a pretrial detainee may be violated if his serious medical needs are met with deliberate indifference on the part of penal authorities. Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001). However, mere *delay* in receiving medical care is insufficient to create § 1983 liability unless substantial harm resulted. Mendoza v. Lynaugh, 989 F.2d 191, 193 (5th Cir. 1993); Bennett v. Louisiana *ex rel.* Department of Public Safety and Corrections, No. 07-31189, 2009 WL 102080, at *4 (5th Cir. Jan. 15, 2009); Davis v. Kuykendall, 242 Fed. App'x 961, 962-63 (5th Cir. 2007).

Although plaintiff was not given immediate medical attention when he first requested it on December 14, 2008, he was taken to the infirmary two days later for an unrelated blood test. During that visit, he complained of the symptoms for which he had previously sought medical attention. He was then examined and given treatment, including sinus pills, cough drops, and ibuprofen. When asked at the Spears hearing what harm he suffered as a result of the delay in treatment, plaintiff stated: "I didn't... well, I suffered, but, you know, it wasn't that bad."

Based on the foregoing, it is clear that plaintiff's condition, which he posits was simply a cold or the flu, was not an emergency. Moreover, he was seen and treated within two days of his original request, a brief delay less than unincarcerated individuals often experience as a matter of course when seeking a medical appointment in the free world. In light of the fact that the delay in receiving medical care was *de minimis* at best and that no harm resulted from the brief delay, plaintiff's medical claim should be dismissed as frivolous.

## Placement in the Attorney Conference Room

To the extent that plaintiff may also be claiming that his rights were violated when he was placed in the attorney conference room for six hours after refusing to return to lockdown, that claim should likewise be dismissed for the following reasons.

The United States Fifth Circuit Court of Appeals has explained:

> This court sitting *en banc* has recently clarified the proper analysis applicable to constitutional challenges by pretrial detainees. We begin by deciding whether to classify the challenge as an attack on a "condition of confinement" or as an "episodic act or omission." The former category would include such claims as where a detainee complains of the number of bunks in a cell or his television or mail privileges. The latter category, on the other hand, occurs where the complained-of harm is a particular act or omission of one or more officials. ...

Olabisiomotosho v. City of Houston, 185 F.3d 521, 526 (5th Cir. 1999) (citations and quotation marks omitted).

Any claim that plaintiff's claim rights were violated when he was temporarily placed in the conference room without access to a bathroom after refusing to return to lockdown would appear to involve an episodic act or omission. Regarding cases involving such episodic acts or omissions, the Fifth Circuit explained:

> In an episodic act or omission case, we employ different standards depending on whether the liability of the individual defendant or the municipal defendant is at issue. For the individual defendant, the plaintiff must establish that the official(s) acted with subjective deliberate indifference to prove a violation of her constitutional rights. Subjective deliberate indifference means the official had subjective knowledge of a substantial risk of serious harm to a pretrial detainee but responded with deliberate indifference to that risk. To succeed in holding a municipality liable, the plaintiff must demonstrate a municipal employee's subjective indifference and additionally that the municipal employee's act resulted from a municipal policy or custom adopted or maintained with objective deliberate indifference to the plaintiff's constitutional rights.

Olabisiomotosho, 185 F.3d at 526 (citations, quotation marks, and brackets omitted).

In the instant case, it is evident that plaintiff's six-hour placement in the conference room posed no substantial risk of serious harm to him and, therefore, the prison officials did not act with subjective deliberate indifference. Without such deliberate indifference, neither the guards who placed and kept plaintiff in the conference room nor the municipality can be held liable in this federal civil rights action. Therefore, plaintiff's claim should be dismissed as frivolous. Cf. Blakeney v. Rusk County Sheriff, 89 Fed. App'x 897 (5th Cir. 2004) (placement of a misbehaving

pretrial detainee in a restraint chair for twenty hours did not rise to the level of a constitutional violation regardless of whether it was considered a condition of confinement or an episodic act). [9]

**RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's claims be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this thirtieth day of June, 2009.

_____
**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Moreover, to the extent that plaintiff is seeking monetary damages based on this claim, such relief is barred by 42 U.S.C. § 1997e(e), which provides: "No federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In this case, plaintiff did not suffer any physical injury from his placement in the attorney conference room and the denial of a bathroom break for the six-hour period.